```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**MATTHEW R. THOMAS,**

                    **Petitioner,**

       **v.**                                  **CASE NO. 22-3046-SAC**

**(FNU) SKIDMORE,**

                    **Respondent.**

<u>**MEMORANDUM AND ORDER**</u>

Petitioner, a state prisoner proceeding pro se, initiated this matter on March 14, 2022, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) The Court has not yet issued any orders in this matter, which comes now before the Court on Petitioner's notice of interlocutory appeal (Doc. 3) and motion for leave to proceed on appeal in forma pauperis (IFP) (Doc. 4).

Petitioner's interlocutory appeal must be evaluated pursuant to 28 U.S.C. § 1292(b), which provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals…may thereupon, in its discretion, permit an appeal to be taken from such order….

To the extent Petitioner's Notice of Interlocutory Appeal may be construed as a motion for certification under § 1292(b), the

Court finds neither exceptional circumstances which might justify appellate review at this point nor any ground suggesting that such an appeal might advance the ultimate resolution of this matter. As noted above, the Court has not yet issued any orders in this case, and it is unclear what Petitioner wishes to appeal. Because the notice of interlocutory appeal appears unrelated to any action taken by this Court, no stay will issue during the pendency of the interlocutory appeal.

Turning to Petitioner's motion to proceed on appeal IFP, "'[t]o qualify for [IFP] status, a petitioner must show "a financial inability to pay the required fees" and "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Drennan v. Pryor*, 662 Fed. Appx. 565, 570 (10th Cir. 2016) (citations omitted); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). Although Petitioner has shown the required financial inability, he has not presented a nonfrivolous argument on the law and facts in support of the issues raised on appeal. Instead, Petition has filed a notice of interlocutory appeal before this Court has entered any orders in this matter. Thus, the motion to proceed on appeal IFP will be denied.

**IT IS, THEREFORE, BY THE COURT ORDERED** that certification of this interlocutory appeal is denied.

**IT IS FURTHER ORDERED** that no stay will issue in this matter during the pendency of the appeal.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Appeal in forma pauperis (Doc. 4), is **denied**. Copies of this order shall be transmitted to Petitioner and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

DATED:  This 21st day of March, 2022, at Topeka, Kansas.

                        SAM A. CROW
                        U.S. Senior District Judge