**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MATTHEW R. THOMAS,**

                **Petitioner,**

    v.                                    **CASE NO. 22-3046-SAC**

**(FNU) SKIDMORE,**

                **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter comes before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and motion to proceed in forma paupers (Doc. 2). The Court will grant the motion to proceed in forma pauperis and will direct Petitioner to show cause why this matter should not be dismissed for failure to state a claim that is actionable in federal habeas.[1]

**Background**

Petitioner, an inmate serving a Kansas state-court sentence at Lansing Correctional Facility (LCF) in Lansing, Kansas, proceeds pro se. He alleges that LCF Officer Edmond told him to "shut up," ordered Petitioner's cellmate, Mr. Hexum, to come out of the cell and "cuff up," and then sprayed Petitioner in the face with pepper spray. (Doc. 1, p. 2-3.) Petitioner asserts that other individuals sprayed Mr. Hexum's face with pepper spray and wrestled him to the ground. *Id.* at 3. Petitioner further asserts that Officer Edmonds falsely stated that Petitioner had spit on him and that he had told

---

[1] The Court notes that Petitioner has also filed a Notice of Interlocutory Appeal (Doc. 3), which was addressed in a separate order from the Court that held that this matter will not be stayed during the pendency of the appeal.

Petitioner to "cuff up." *Id.* As a result, Petitioner faces disciplinary charges of battery on a corrections officer and disobeying orders. *Id.* at 5.

On March 14, 2022, Petitioner filed the petition for writ of habeas corpus that is currently before this Court. (Doc. 1.) As his grounds for relief, he asserts Officer Edmonds (1) misused his authority by making false statements to justify restraining Petitioner; (2) used excessive force by unnecessarily using his pepper spray; (3) made a false report when he accused Petitioner of battery and disobeying orders; and (4) worked with LCF Officer Towell to illegally retaliate against Petitioner. *Id.* at 9-10. In his request for relief, Petitioner seeks the temporary suspension of Officers Edmond and Towell, his own transfer from LCF, and the dismissal of any charges pending against himself and Mr. Hexum.[2] *Id.* at 10.

**Screening Standards**

This matter is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2241. Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2241(c)(3).

---

[2] A pro se individual may not represent others in court. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). Thus, Petitioner may not seek federal habeas relief on Mr. Hexum's behalf.

**Discussion**

As noted above, Petitioner began this matter by filing a petition for relief under 28 U.S.C. § 2241. To obtain federal habeas corpus relief, a prisoner must demonstrate that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 "'[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019). In other words, a petition properly brought under § 2241 challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

Grounds Two and Four of the petition do not challenge the execution of Petitioner's state sentence. Rather, they challenge LCF staff's treatment of him while he is serving that sentence. This type of claim for relief does not sound in federal habeas. Instead, a civil rights action under 42 U.S.C. § 1983 is the proper avenue by which a prisoner may challenge unconstitutional conditions of confinement, including the use of excessive force or retaliatory behavior. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) If Petitioner wishes to pursue claims under § 1983, he must initiate a separate lawsuit under that statute by filing a complaint on court-approved forms and following all relevant pleading requirements.[3]

---

[3] In addition, the Court lacks authority to order the suspension of LCF officers, as Petitioner requests. *See, e.g., Nicholas v. Hunter*, 228 F. App'x 139, 141 (3rd Cir. 2007)("[T]he District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."); *Goulette v. Warren*, No. 3:06CV235-1-MU, 2006 WL 1582386, at n.1 (W.D. N.C. June 1, 2006)("[E]ven if Plaintiff's claims prevailed in this case,

Liberally construed, Grounds One and Three may state challenges to prison disciplinary proceedings against Petitioner. As noted above, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 may be "'used to attack the execution of a sentence . . . .'" *Sandusky*, 944 F.3d at 1246. To the extent that Petitioner intends to challenge disciplinary proceedings against him, however, he also fails to state a claim for federal habeas relief.

Petitioner asserts that based on false statements by LCF staff, he now faces disciplinary charges of battery of a correctional officer and disobeying orders. But Petitioner does not allege that he has been found guilty of any disciplinary charges at his time, nor does he allege that any disciplinary action has been taken against him. Thus, there has not yet been any effect on the execution of Petitioner's sentence, so Petitioner has not alleged facts that state a claim for relief under § 2241. *See Knox. v. Sharp*, 812 Fed. Appx. 739, 739 (10th Cir. 2020) (unpublished order) (affirming district court's rejection of § 2241 claim where "no disciplinary action was taken[] and consequently there was no effect on the execution of [the petitioner's] sentence").

**IT IS THEREFORE ORDERED** that the motion to proceed in forma pauperis (Doc. 2), is **granted**.

**IT IS FURTHER ORDERED** that Petitioner is granted until and including April 21, 2022, in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this matter should not be dismissed for failure to state a claim on

---

this Court would not, based upon this law suit, have the authority to order the termination of the Defendant's employment . . . ."); *Dockery v. Ferry*, No. 08-277, 2008 WL 1995061, at *2 (W.D. Pa. May 7, 2008)(finding that the court cannot order a local government to terminate a police officer's employment).

which federal habeas relief can be granted. Failure to comply with this order may result in the action being dismissed without further notice.

**IT IS SO ORDERED.**

DATED:  This 21st day of March, 2022, at Topeka, Kansas.

          S/ Sam A. Crow

          SAM A. CROW
          U.S. Senior District Judge